UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHEILA CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:23-cv-00541-CDL |
| v. | ) |
| | ) |
| AMERICAN BANKERS INSURANCE | ) |
| COMPANY OF FLORIDA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are the plaintiff's Motion for Partial Summary Judgment as to Liability (Doc. 17) and defendant's Rule 56(d) Motion (Doc. 19) for permission to conduct discovery before being required to respond to the partial summary judgment motion and Alternative Motion (Doc. 20) for additional time to respond to the partial summary judgment motion in the event the Rule 56(d) Motion is denied. The plaintiff has responded to the defendant's motions (*see* Doc. 22, 23), and the defendant filed a reply supporting the Rule 56(d) motion (Doc. 24).

**I.    Background**

According to plaintiff's pleading initiating this case, a methamphetamine lab in an apartment adjacent to hers exploded on November 17, 2022, which caused a fire, resulting in the destruction of all of plaintiff's belongings. At the time of the explosion and fire, the contents of her apartment were insured by a renter's insurance policy underwritten by the defendant. The policy included coverage for personal property loss and loss of use benefits.

The plaintiff alleges that the defendant failed and refused to pay the plaintiff the fair value of her damages and to provide the benefits due to her under the insurance policy. (*See* Doc. 2-2). She thus asserts claims for breach of an insurance contract and breach of the duty of good faith and fair dealing.

The lawsuit was initiated on November 13, 2023, in state court, and the defendant removed the case to this court on December 15, 2023. The defendant filed an Answer on December 22, 2023. The plaintiff filed her Motion for Partial Summary Judgment as to Liability on January 10, 2024. (Doc. 17). In that motion, the plaintiff contends that there is no genuine dispute of material fact as to defendant's alleged liability on her claims.

Pursuant to Fed. R. Civ. P. 56(d), the defendant requests that the Court defer consideration of the plaintiff's motion for partial summary judgment to allow the defendant time to conduct discovery before being required to respond in opposition to plaintiff's motion. (Doc. 19). In its alternative motion (Doc. 20), the defendant requested that, if the Rule 56(d) motion is denied, the defendant be granted an additional 20 days after plaintiff's written discovery deadline of February 24, 2024 to respond to the motion for partial summary judgment.

## II.    Rule 56(d) Standard

Rule 56 does not require discovery before summary judgment is granted. *Adams v. C3 Pipeline Constr., Inc.*, 30 F.4th 943, 968 (10th Cir. 2021). However, Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

2

>    (1) defer considering the motion or deny it;
>
>    (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"Although discovery is the norm prior to granting summary judgment, a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion." *Trans-Western Petroleum, Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (internal citations omitted). In this Circuit, "a non-movant requesting additional discovery under Rule 56(d) must specify" by affidavit or declaration "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Adams*, 30 F.4th at 968 (quoting *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016)). Rule 56(d) motions must "be robust." *Id.* Nonetheless, "sufficient time for discovery is especially important when relevant facts are exclusively in the control of the opposing party." *Id.* (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir. 1985)).

If "the information sought is . . . irrelevant to the summary judgment motion . . . no extension will be granted." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). Additional discovery is not justified under the Rule where the nonmovant has "failed to identify any facts that [the party] believe[s] would be discovered in the [requested] deposition" and has not "show[n] how such facts, if discovered, would

[be] useful in opposing the motions for summary judgment." *Id.* at 1554-55. "Speculation cannot support a Rule 56(d) motion." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013).

**III.   Discussion**

In her motion for partial summary judgment, the plaintiff requests entry of summary judgment determining that the defendant breached the insurance contract and breached its duty of good faith and fair dealing because she has not been reimbursed for covered property losses. (*See* Doc. 17). If the motion were granted, the issue of any damages would be heard by a jury in a damages trial. (*See id.*).

In its Rule 56(d) Motion, the defendant requests that the Court strike the plaintiff's partial summary judgment motion or grant the defendant time to respond to that motion "in accordance with the Court's Scheduling Order and Joint Status Report Discovery Plan." (Doc. 19). By affidavit, the defendant's counsel identifies several categories of discovery that defendant asserts are necessary to rebut plaintiff's liability summary judgment motion. Those include the depositions of the plaintiff and Rick Blosser of CRDN Oklahoma and subpoenas to Melrose Apartment Management and CRDN Oklahoma, all of which would appear to potentially relate to liability issues and thus may be necessary to respond to the plaintiff's summary judgment motion. (*See* Doc. 19-1 at 2). The defendant also issued outstanding written discovery to the plaintiff which may also be relevant. (*Id.* at 1).

Based on the foregoing, the defendant has provided sufficiently specific information that is needed to respond and potentially rebut the plaintiff's motion for partial summary judgment as to liability, such that the defendant should be permitted additional time to

conduct some discovery before being required to respond. The Court notes that the case was initiated less than two months prior to the filing of the summary judgment motion on liability, and this case is not set for trial until January 2025. However, because the plaintiff's motion is limited to liability, damages-only discovery need not be completed before the defendant is required to respond. While the discovery cutoff is not until August 5, 2024, the defendant should be able to conduct the necessary liability-related discovery it needs and respond prior to that cutoff date.

### IV. Conclusion

Accordingly, the defendant's Rule 56(d) motion (Doc. 19) is **granted in part**. The Court will **defer consideration** of the plaintiff's liability-related summary judgment motion (Doc. 17) until completion of briefing on that motion. The defendant shall file a response in opposition to the summary judgment motion by **June 21, 2024**. Discovery is *not* limited to the discovery noted by the Court in the above examples of what appear to be liability-related discovery the defendant should have before having to respond. The intent of the undersigned is that the defendant prioritize discovery relating to liability in order to file a response by the new deadline, but discovery during this time is expressly *not* limited. The defendant's alternative motion for additional time (Doc. 20) is **moot** in light of the foregoing rulings.

IT IS SO ORDERED this 4th day of April, 2024.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge